UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20438-MOORE/DAMIAN

UNITED STATES OF AMERICA,

vs.

DMYTRO KUPRIIANOV,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable K. Michael Moore, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Dmytro Kupriianov ("Defendant"). [ECF No. 11]. Based upon the change of plea hearing conducted on January 3, 2024 [ECF No. 18], this Court makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Moore, the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from Judge Moore. I further advised Defendant that Judge Moore would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

    2.    Defendant was placed under oath and appeared before the undersigned

personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4. Defendant indicated he was knowingly and voluntarily pleading guilty to Count 1 of the Information, which charges him with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). [ECF No. 7]. I advised Defendant that the maximum sentence the Court could impose on Count 1 is a term of twenty (20) years imprisonment; followed by a minimum term of supervised release of five (5) years and a maximum term of supervised release of life; a fine of up to $250,000; and a mandatory special assessment of $100, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised that the Court may require payment of an additional special assessment of $5,000, unless Defendant presents evidence of and is determined to be unable to pay, and that the Court may impose an additional assessment of up to $17,000 at the time of sentencing. The Court also informed Defendant of the possibility of restitution, forfeiture, and the potential for immigration consequences, including deportation. Defendant acknowledged that he understands the possible penalties the Court may impose, including the maximum penalties, in addition to potential forfeiture, restitution, and the potential for immigration consequences, including deportation or removal.

5. Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable

departures.

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate and signed the written factual proffer after it was translated to Russian for him [ECF No. 17]. Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered and that the proffer satisfied all elements of the crime charged.

8. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 16]. I reviewed the terms of the plea agreement on the record, and Defendant acknowledged that he had reviewed the entire agreement, which was translated for him, with counsel before he signed it. The terms of the plea agreement discussed on the record include the following: Defendant will plead guilty to Count 1 of the Information; the parties agree to a two- or three-level reduction to Defendant's base offense level under Section 3E1.1 of the Sentencing Guidelines based on acceptance of responsibility as long as Defendant complies with the obligations set forth in the plea agreement; and the parties agree the Government will recommend two four-level increases in Defendant's offense level under Section 2G2.2(b)(1)(A) and (b)(4) of the Sentencing Guidelines. Defendant also acknowledged that he understood that other enhancements or increases under the Sentencing Guidelines may apply and may be raised at the time of sentencing.

9. Defendant acknowledged that he is satisfied with his attorney and has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and that the discovery was also translated for him.

10. Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

11. Defendant acknowledged that he agrees to forfeit to the United States property constituting or derived from proceeds of the crime to which he is pleading guilty, as further set forth in paragraph 12 of the plea agreement, including forfeiture of substitute property. Defendant agrees the property subject to forfeiture includes, but is not limited to, forfeiture of any images depicting minors engaged in sexually explicit conduct, in addition to two (2) cellular devices, a 32-gigabyte MicroSD card, and one laptop computer. Counsel for the United States shall prepare a preliminary order of forfeiture identifying assets the United States seeks to forfeit and provide a copy to Defendant prior to submitting to the Court. The undersigned further advised the parties that the issue of forfeiture will be addressed by the presiding District Judge.

12. Defendant further acknowledged that the Court may order restitution for the full amount of the victim's losses, and Defendant agrees to make full restitution to all victims of his offenses and that the Court will order restitution in an amount not less than $3,000 per victim.

13. Defendant also acknowledged that he will be required to register as a sex offender upon his release from prison as a condition of his supervised release and that,

independent of his supervised release, he will be subject to state and federal sex offender registration requirements, which may apply throughout his entire life.

14. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

15. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

16. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

17. Although this Report and Recommendation is entered on this 4th day of January, 2024, the undersigned announced the Recommendation herein on the record at the change of plea hearing on January 3, 2024, and, therefore, this Recommendation is effective as of that date.

As I advised the Parties in open court, the parties will have three (3) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based

on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 4th day of January, 2024.

                                                      MELISSA DAMIAN
                                                      UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable K. Michael Moore
          Counsel of record